UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF KYLE THOMAS BRENNAN,

    Plaintiff,

v.                                        CASE NO: 8:09-cv-264-T-23EAJ

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC., et al.,

    Defendants.

_____/

## ORDER

Kennan G. Dandar submits an "unopposed involuntary motion to withdraw as counsel for plaintiff." (Doc. 74) The motion states that Dandar "has been ordered to withdraw by a state court judge." Of course, Dandar cannot unilaterally withdraw from pending litigation. Local Rule 2.03(b) states, "No attorney, having made a general appearance under subsection (a) of this rule, shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of Court obtained after giving ten (10) days' notice to the party or client affected thereby, and to opposing counsel." Victoria Britton, the administrator of the plaintiff estate, (1) selected Dandar as counsel, (2) believes Dandar "is the most qualified attorney to represent" the plaintiff, and (3) vehemently objects to Dandar's withdrawing from the case. Manifestly, neither the attorney nor the client consent to withdrawal.

Furthermore, Britton asserts that she cannot find substitute counsel. Although resolution of the present motion requires no finding on the issue of the availability of other counsel, Britton states, "I talked to many lawyers in different states and each turned me down as soon as they heard it involved the Church of Scientology. Some turned me down due to conflict, since some had represented Scientology in the past or are currently representing the organization, but many turned me down because it is an entity they do not want to litigate against." (Doc. 64 at 5-6) Permitting Dandar to withdraw apparently leaves the plaintiff, at least, without immediate representation and could result in dismissal of the plaintiff's claims if the plaintiff cannot find substitute counsel (an estate must be represented by counsel).

Despite the state court's order and despite Scientology's claim that Dandar's involvement in this case is "totally inappropriate" (Doc. 75 at 1), Dandar suffers no discernible impediment to representing the plaintiff in this case; Dandar remains a member in good standing of The Florida Bar and the bar for the Middle District of Florida, Dandar is able and willing to represent the plaintiff, and the parties identify neither a conflict of interest nor any other legally cognizable barrier to Dandar's continued representation in this matter, already unnecessarily delayed.[*] The motion (Doc. 74) is **DENIED**. The plaintiff's motion (Doc. 76) for a hearing is **DENIED AS MOOT**. The plaintiff's motion (Doc. 76) for an extension "of all deadlines, pretrial, and

---

[*] The circumstances of this case present no occasion for an independent determination of whether some contractual obligation or implementing order of a state court restricts (or lawfully could restrict) Dandar's representing the plaintiff in this action. The circumstances of this case require only confirmation that the plaintiff's counsel is a member of The Florida Bar and the bar of this court under no disciplinary or other disability imposed by either this court or the Supreme Court of Florida. See Local Rule 2.04(b). Except for reasons associated with lawfully imposed discipline, this court is without authority to restrict the general practice of law by a member in good standing of the bar, whether pursuant to private agreement or otherwise. See, e.g., Rule 4-5.6(b), Rules Regulating The Florida Bar.

trial" is **DENIED**, the case management deadlines set by the February 3, 2010, order (Doc. 66) are **CONFIRMED**, and the parties are directed to proceed with discovery in accord with the scheduling order and the Local Rules.

ORDERED in Tampa, Florida, on April 22, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE