UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF KYLE THOMAS BRENNAN,
By and through its Administrator,
Victoria L. Britton,

    Plaintiff,

v.                                         Case No. 8:09-cv-264-T-23EAJ

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.,
DENISE MISCAVIGE GENTILE,
GERALD GENTILE, and
THOMAS BRENNAN

    Defendants.
_____/

**DEFENDANTS' DENISE GENTILE AND GERALD
GENTILE RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
DISCOVERY OR EXTEND DISPOSITIVE MOTION DEADLINE**

Defendants, Denise Gentile and Gerald Gentile, by their undersigned counsel, hereby respectfully file this Response to Plaintiff's Motion to Compel Discovery or Extend Dispositive Motion Deadline [Dkt. 86].

**RELEVANT PROCEDURAL BACKGROUND**

On May 27, 2010, in accord with this Court's order and direction, counsel for the plaintiff and counsel for the defendants participated in a conference call for the purpose of agreeing upon discovery deposition dates to complete discovery by the August 2, 2010, court ordered discovery cut-off deadline. The July 23, 2010 date for the depositions of Gerald Gentile and Denise Gentile was agreed upon by all parties. Earlier dates had been suggested and were available for the Gentiles, however, were not convenient to counsel for the plaintiff. The July 23, 2010 date was confirmed with the understanding that Gerald Gentile works out of the State of Florida and

2650022.1

travels extensively, and would travel to the State of Florida for his deposition on Friday, July 23, 2010.

During the same conference, counsel for the plaintiff and counsel for the defendants agreed upon the date of July 22, 2010, to take the deposition of a witness for the plaintiff, Gary Robinson. By virtue of information provided to the defendants by counsel for the plaintiff, it was understood that Gary Robinson resided in Ft. Myers, Florida, and that his deposition would take less than a half day. Lead defendants' counsel circulated a notice of taking deposition for all agreed-upon deposition dates, times and places on May 27, 2010, to counsel for Plaintiffs and Defendants to confirm the agreed-upon discovery plan prior to the May 28, 2010 court-ordered status conference. That status conference was rescheduled to June 2, 2010 [Dkt. 83], at which telephone conference the discovery plan was again confirmed.

On July 6, 2010, at approximately 8:50 p.m., counsel for the plaintiff sent counsel for the defendant Church of Scientology Flag Service Organization, Inc., an e-mail entitled "Need to Reschedule Gentiles" which read, "Gary Robinson is not in Ft. Myers. He is in Santa Barbara. He is only available on the day you have him scheduled, so I need to move the Gentiles to the following week, since I will be with him for his deposition." That e-mail was forwarded to counsel for the Gentiles on July 7, 2010.

Thereafter, counsel for the Gentiles, in good faith, attempted to resolve the situation by suggesting that the deposition of Gary Robinson be moved up a day or two to accommodate Mr. Dandar's travel schedule to California, or move to the following week. Counsel for the Gentiles explained that the Gentiles had made travel and vacation plans based upon the agreed upon deposition date of July 23, and would be out of town from July 24 to August 9, 2010. Counsel for the plaintiff advised that the plaintiff had directed him to be present in California for the

2

deposition, and that date was the only date Gary Robinson would be available. Counsel for the Gentiles suggested having Mr. and Mrs. Gentile travel to Plaintiff's court reporters' office in Tampa to conduct the July 23 deposition by video conference, so that Mr. Dandar could accommodate both his travel time to California and the agreed upon scheduled depositions of the Gentiles. Both Counsel for the Defendant Church of Scientology Flag Service Organization, Inc., and Thomas Brennan agreed to that proposed remedy. Counsel for the plaintiff advised that his client had advised him she would not permit him to participate in a video conference deposition. Counsel for the Gentiles has advised plaintiff counsel that the July 23 2010 is not cancelled and the Gentiles will be available for depositions as agreed.

## RELIEF REQUESTED

Defendants Denise and Gerald Gentile respectfully request this Court deny Plaintiff's Motion to Compel Discovery by unilaterally rescheduling their depositions for July 30, 2010, and instead require the previously agreed upon July 23, 2010 depositions to go forward as scheduled by video conference at Plaintiff's court reporters' office in Tampa, Florida.

Dated: July 14, 2010     Respectfully submitted,

/s/ Lee Fugate
Lee Fugate
Florida Bar No. 170928
Nathan M. Berman
Florida Bar No. 0329230
ZUCKERMAN SPAEDER LLP
101 E. Kennedy Boulevard, Suite 1200
Tampa, Florida 33602
Tel: (813) 221-1010
Fax: (813) 223-7961
lfugate@zuckerman.com
nberman@zuckerman.com
*Attorneys for Defendants Gerald Gentile and Denise Gentile*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Lee Fugate
Lee Fugate

2650022.1