UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF KYLE THOMAS BRENNAN,
By and through its Administrator,
Victoria L. Britton,

    Plaintiff,

v.                              Case No. 8:09-cv-264-T-23EAJ

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.,
DENISE MISCAVIGE GENTILE,
GERALD GENTILE, and
THOMAS BRENNAN

    Defendants.
_____/

**DEFENDANT, CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION INC.'S, RESPONSE TO ESTATE'S EMERGENCY MOTION FOR INJUNCTION**

Defendant, Church of Scientology Flag Service Organization Inc. (FSO Church), hereby files this response and states:

1. Plaintiff requests this court to issue an injunction preventing the defendant, FSO Church, its attorney and the state circuit court from holding a hearing on enforcing the state court's judgment against Mr. Dandar and his firm. (See fn. 1 to the emergency motion). Mr. Dandar's efforts to obtain a stay of the state court's proceedings before the Florida Supreme Court and the Second Court of Appeals have been denied.

2. The apparent justification for the requested injunction is that Mr. Pope did not cooperate in the scheduling of a hearing to stay the hearing. While such lack of cooperation is hardly a basis for an extraordinary injunction against

1

a state court proceeding, it is also blatantly untrue. Not only did Mr. Pope's office clear time for a pre-hearing hearing, but the undersigned confirmed Mr. Pope's availability, when Mr. Dandar contacted him pursuant to Local Rule 3.01. (See Exh. 1, email dated 8/25/2010). Moreover, as of the morning of August 28, 2010, the court had available hearing time on both August 27 and August 30.

3. As (improperly) disclosed in the emergency motion, the ongoing state court proceedings seek to enforce a state court order directing Mr. Dandar to withdraw from the case at bar. Mr. Dandar has simply flaunted that order and now, not surprisingly, faces increasing penalties as a result.

4. There are numerous conduct issues which caused the state court to issue the order at issue. Those same conduct issues are now appearing in this case. For instance, while the state court order is entirely limited to Mr. Dandar and his firm, he has apparently suborned perjury by his own client in an effort to evade the court order. When Mr. Dandar filed his "involuntary motion to withdraw" (Dkt. at 74), he attached an affidavit of his client which stated, "Upon learning that a state judge in June 2009 ordered Kennan G. Dandar to cease and desist from representing the Estate of Kyle Brennan in this matter and ordered him to withdraw, I have contacted other attorneys across the nation to help me become my attorney in this case. All have declined." Yet, when questioned in person at her deposition, Victoria Britton flatly denied contacting any other attorney for purposes of representing the Estate. (See Exh. 2, V. Britton June 17, 2010, deposition at 271:13-17).

5. For the reasons more fully set forth in the below memorandum of law this court lacks the authority and the jurisdiction to enjoin the state court proceedings which have reached the post-judgment/enforcement stage.

Wherefore, defendant, FSO Church, respectfully requests that the Estate's emergency motion for injunction be denied.

## MEMORANDUM OF LAW IN SUPPORT

This Court lacks jurisdiction of the subject matter because 'lower federal courts possess no power whatever to sit in direct review of state court decisions.' *Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970). The language of the United States Supreme Court in *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), is pertinent here:

> 'If the constitutional questions stated in the . . . (complaint) actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication. (Citations omitted). Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character . . . To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is

3

strictly original.' *Id.*, 263 U.S. at 415-16.

See also *Pilkinton v. Pilkinton*, 389 F.2d 32 (8th Cir.), cert, denied, 392 U.S. 906, (1968); *Jones v. Hulse*, 391 F.2d 198 (8th Cir.), cert. denied, (1968); *Evanson v. Northwest Holding Company*, 368 F.2d 531 (8th Cir. 1966), cert. denied, 386 U.S. 1004, (1967); *Brown v. Chastain*, 416 F.2d 1012 (5th Cir. 1969), cert. denied, 397 U.S. 951 (1970).

Second, the anti-injunction statute is a complete bar to this action. It provides: A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 28 U.S.C. § 2283 (2010). It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding. *Atlantic Coast Line*, supra, 398 U.S. at 287, See also *Wright, Law of Federal Courts*, Sec. 47, pp. 180-81 (2d Ed. 1970).

The injunction sought by the plaintiff does not fall under any of the specific statutory exceptions listed in § 2283 as required by *Atlantic Coast Line*, supra. There is no applicable Act of Congress authorizing an injunction in this matter, the jurisdiction of this court is not affected one iota by Mr. Dandar's presence or absence and no judgment has yet been entered by this court to protect or effectuate. Consequently, § 2283 deprives this Court of jurisdiction either to grant an injunction against enforcement of the state court judgment. See *Euge v.*

4

*Smith*, 418 F.2d 1296 (8th Cir. 1969); *Hartsville Theatres, Inc. v. Fox*, 324 F. Supp. 258, 262-64 (D.S.C. 1971).

Third, the Full Faith and Credit Act 28 USC § 1738 requires federal courts, as well as state courts to give state judicial proceedings the same full faith and credit as they have by law or usage in the courts of such states from which they are taken. *Parsons Steel, Inc v. First Alabama Bank*, 474 U.S. 518, 519 (1986). A federal court injunction against a state court judgment is a highly intrusive remedy. *Id.* at 525. Challenges to the correctness of a state court's determination must be pursued by way of appeal through the state-court system and certiorari from this court. *Id., citing Angel v. Bullington*, 330 U.S. 183 (1947). Mr. Dandar has already attempted to obtain stays of the subject proceedings through the state court system and they have been unsuccessful. He is now essentially seeking to re-litigate the issues before this court, which is prohibited by 28 USC § 1738.

Fourth, the *Rooker-Feldman* doctrine bars federal district courts from exercising subject mater jurisdiction over a suit that is a *de facto* appeal from a state court judgment. *Noel v. Hall*, 341 F.3rd 1148, 1154-5 (9th Cir. 2002).

> In its routine application, the *Rooker-Feldman* doctrine is exceedingly easy. A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties. *Rooker-Feldman* becomes difficult-and, in practical reality, only comes into play as a contested issue-when a disappointed party seeks to take not a formal direct appeal, but rather its de facto equivalent, to a federal district court.

*Id.* at 1155.

Once a federal plaintiff seeks to bring a *de facto* appeal that federal plaintiff may not seek to litigate an issue that is "inextricably intertwined" with the state court judicial decision from which the *de facto* appeal is brought . *Id.* at 1158.The federal plaintiff is also forbidden from seeking a declaratory judgment. *Id.* For the same reason the federal plaintiff should also be forbidden from seeking an injunction.

The Estate's motion cites cases dealing with the court's power to regulate attorneys, and therefore, apparently suggests that this court has the power to issue injunctions where they impact the practice of attorneys. However, where the effect of any injunction is to interfere with a state court proceeding, it matters not whether the injunction is directed to the litigants or the attorneys representing the litigants. Injunctions are prohibited which restrain litigants from prosecuting or going forward with state proceedings. *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.*, 309 U.S. 4 (1940); *H. J. Heinz Co. v. Owens*, 9th Cir. 1951, 189 F.2d 505, *cert. denied*, 342 U.S. § 905 (1952). There is no question that it is not any action of F. Wallace Pope or the FSO Church that Mr. Dandar wishes to enjoin; it is the state court's potential to impose criminal contempt penalties that he seeks to enjoin.

## CONCLUSION

Mr. Dandar has painted himself into a corner of his own making and now asks this court to issue an extraordinary injunction to save him. The problem Mr. Dandar faces does not impact the jurisdiction of this court nor does it interfere in

any way with this court's ability to resolve the issues pending before it. The state court has every right to adjudicate the issues before I, and whether that adjudication is right or wrong, is a matter for the state trial and appellate courts to resolve. Mr. Dandar is essentially asking this court to substitute its judgment for the judgment of the state courts. This court has neither the authority or discretion to do so. The Estate's emergency motion should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: LEE FUGATE, ESQ., lfugate@zukerman.com, attorney for defendants, Denise Gentile and Gerald Gentile; KENNAN G. DANDAR, ESQ., kgd@dandarlaw.net, attorney for plaintiff; and Kyle Thomas Brennan, RICHARD C. ALVAREZ, ESQ., Rick Alvarez ralvarez@alvarezgarcia.com attorney for Thomas Brennan.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Robert V. Potter
F. Wallace Pope, Jr.
Florida Bar No. 0124449
wallyp@jpfirm.com
Robert V. Potter
Florida Bar No. 0363006
bobp@jpfirm.com
Post Office Box 1368
Clearwater, Florida 33757
Telephone:(727) 461-1818
Fax: 727 462-0365
Counsel for Church of
Scientology Flag Service
Organization Inc.

536585

## Bob Potter

**From:** Bob Potter
**Sent:** Wednesday, August 25, 2010 3:59 PM
**To:** 'dandarlaw@aol.com'
**Subject:** Judge Beach

Ken:

I checked with Wally's office. Wally is currently in Colorado. He is generally available for a telephone hearing on Friday the 27th, but he needs enough advance notice so that he can be at a reliable phone i.e. something other than cell phone in a crowded restaurant. Wally is traveling over the weekend and will be back in his Clearwater office at some point on Monday 30 so he would also be available then. The hearing which is now set for Tuesday 31 was originally set for the afternoon of the 30th so probably anything the afternoon of the 30th would work.

Thus see if you can get hearing time on either the 27th or the 30th.

Robert Potter, Esq.
Johnson,Pope,Bokor,Ruppel & Burns, LLP.
911 Chestnut Street
Clearwater Fla 33756
Office: 727-461-1818 x 2448
Fax: 727-462-0365

The information contained in this transmission may be attorney/client privileged and therefore confidential. This information is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient , you are hereby notified that any dissemination, distribution, printing or copy of the communication is strictly prohibited. If you receive this transmission in error, or if you are not the individual or entity named above, the receipt of this transmission is not intended to and does not waive any privilege, attorney/client or otherwise. If you have received this communication in error, please notify us by telephone or e-mail. Thank you.



EXHIBIT 1

8/25/2010

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

Tampa Division

*******************************************************

ESTATE OF KYLE THOMAS BRENNAN,
by and through its Administrator,
VICTORIA L. BRITTON,

    Plaintiff,

-vs-                    Case No.
                            8:09-cv-264-T-23EAJ

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.,
DENISE MISCAVIGE GENTILE,
GERALD GENTILE, and
THOMAS BRENNAN.,

    Defendants.

*******************************************************

CONTINUED DEPOSITION OF VICTORIA L. BRITTON

Volume II of II

9:00 a.m. to 12:13 p.m.

June 17, 2010

Charlottesville, Virginia

REPORTED BY:   Kimberly A. Adderley, RMR



1          But, let me see if I can slow that down
2     and ask you appropriately, Miss Britton.
3 BY MR. ALVAREZ:
4     Q.    To your knowledge was Tom Brennan
5 informed of the interest in retaining counsel for
6 purposes of a wrongful death action?
7     A.    No. I have no contact with
8 Tom Brennan.
9     Q.    And are you aware of any other person
10 on your behalf who would have contacted
11 Tom Brennan to discuss that topic?
12    A.    No, I do not.
13    Q.    Have you contacted any other attorney
14 since the filing of the wrongful death action for
15 purposes of representing the estate or providing
16 service to you as the personal representative?
17    A.    No.
18    Q.    What is your understanding of the
19 responsibilities of a personal representative?
20    A.    My understanding is that I am -- I live
21 my life now -- Kyle and my life, we are now one.
22 And I am his spokesperson, and I am the person who
23 will make certain that -- I am the person to make
24 sure that the right thing is done for Kyle since
25 he is not here to do it for himself.