UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ESTATE OF KYLE THOMAS BRENNAN,

    Plaintiff,

v.                                     CASE NO: 8:09-cv-264-T-23EAJ

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC., et al.,

    Defendants.

_____/


## ORDER

Kennan G. Dandar submits a motion entitled "Estate's Emergency Motion for Injunction." (Doc. 104)  The motion requests an injunction against the defendant Church of Scientology Flag Service Organization, Inc. (Scientology), and the circuit court of Pinellas County, Florida, protecting Dandar from contempt sanctions for failing to secure his withdrawal from this action.  The state court earlier ordered Dandar to withdraw as counsel in this action, and Dandar moved in this court to withdraw. (Doc. 74)  Local Rule 2.03(b) requires an attorney to obtain leave of court to withdraw. Because the plaintiff opposed Dandar's withdrawal, because Dandar is qualified to appear in this case as counsel, and because his withdrawal would inhibit the efficient and expeditious resolution of this litigation, Dandar's motion to withdraw was denied. (Doc. 77)  No reason appears that alters the merit of that decision, and, absent some action by the Supreme Court of Florida that affects Dandar's eligibility to practice in Florida (which, under the local rules, affects his ability to practice in the Middle District), no action by a lower state court will change that decision.

Because Dandar's withdrawal requires federal court approval, a state court injunction or other order against Dandar cannot compel his withdrawal. A court should not enter an injunction or order that cannot be enforced through coercive contempt sanctions. Chandler v. James, 180 F.3d 1254, 1266 (11th Cir. 1999) (J. Tjoflat, concurring). Moreover, an individual should not be punished for non-compliance if compliance is not within the individual's ability. Chairs v. Burgess, 143 F.3d. 1432, 1438 (11th Cir. 1998) (finding no contempt when litigant was under conflicting court orders and compliance would cause violation of other court orders).

Nonetheless, the state court entered an order purporting to direct Dandar to withdraw. Dandar has attempted to comply with the state order, but his motion to withdraw was denied. (Doc. 74) The state court can neither command Dandar's withdrawal from this action nor otherwise interfere with the supervening federal jurisdiction. Because no unlawful interference has occurred (and remains unlikely given the nature of the governing law and the provisions of Rule 4-5.6(b), Rules Regulating The Florida Bar, which have drawn little comment), Dandar's motion (Doc. 104) is DENIED. Comity commands the federal court's not assuming that a state court will enter an unlawful order or interfere with the orderly administration of the federal court.[*]

ORDERED in Tampa, Florida, on August 30, 2010.

_STEVEN D. MERRYDAY_
UNITED STATES DISTRICT JUDGE

---

[*] Even the Supreme Court of Florida allows for the orderly disposition of pending matters when suspending a lawyer from practice. Leaving a client unrepresented because of a court order would bring disrepute on the courts.