UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF KYLE THOMAS BRENNAN,

    Plaintiff,

v.                                                      CASE NO: 8:09-cv-264-T-23EAJ

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC., et al.,

    Defendants.
_____/

**ORDER**

    The plaintiff, Kyle Brennan's estate, sues Kyle's father, Thomas Brennan; the Church of Scientology Flag Service Organization, Inc., ("Scientology"); Denise Miscavige Gentile; and Gerald Gentile for wrongful death.  The complaint alleges that on February 6, 2007, Kyle Brennan, while in some degree of emotional and other distress, arrived in Clearwater to visit his father and that on February 16, 2007, Kyle Brennan died in his father's apartment from a self-inflicted gunshot wound.  The plaintiff claims that the defendants caused the death of Kyle Brennan (1) by depriving him of his prescribed psychotropic medication and (2) by negligently and recklessly leaving a gun available to Kyle Brennan in the apartment.

    The plaintiff moves (Doc. 92) to compel the production of certain documents identified by Scientology in a "privilege log."[1]  Most of the documents at issue in this

---

[1] The plaintiff also seeks to depose a Scientology officer and a Scientology staff member, but that part of the motion remains unresolved for the moment.

motion pertain to Scientology's practice of "auditing," which consists of an "auditor's" asking scripted questions to a Scientology member and memorializing each answer in a report that next travels through the ranks to others, including an "ethics officer." The ethics officer sometimes recommends to the member through the auditor a "list of actions" based on the ethics officer's evaluation of the report.[2] The plaintiff claims that consequent upon Thomas Brennan's audit, Scientology prescribed to Thomas Brennan a series of steps for the management of Kyle Brennan, which steps led to the death of Kyle Brennan. Specifically, the complaint alleges, among other things, that Thomas Brennan locked Kyle Brennan's psychotropic medicine in Thomas Brennan's truck (Doc. 1 at 3).

The defendants Thomas Brennan and Scientology object to discovery of the contents of the audit and assert (Docs. 95 and 99) the priest-penitent privilege, based on Section 90.505, Florida Statutes.[3] The parties dispute whether each communication during "auditing" qualifies for the priest-penitent privilege. The parties also disagree on many facts informing the application or waiver of the asserted privilege. For instance, the plaintiff alleges that these communications are disclosed outside of the normal "reporting up the ranks," which allegation the defendants dispute.[4] Conflicting and ambiguous assertions cloud the issue of how these communications are disseminated

---

[2] The plaintiff's counsel asserted at oral argument that an ethics officer, an individual who apparently receives information about auditing sessions, is a "disciplinarian" within Scientology and does not provide spiritual counsel.

[3] The last entry in the privilege log asserts attorney-client privilege for various documents created after Kyle Brennan's death. Those documents are not discussed in this opinion.

[4] The plaintiff alleges that Scientology sometimes displays or publishes communications, either within the Scientology community or to "public persons." (Doc. 97 at 3).

and generate knotty fact issues, especially concerning "waiver."  The plaintiff claims that Denise Gentile, the auditor in this case, lacked proper credentials at the time of her sessions with Thomas Brennan, and that Ms. Gentile's lack of credentials preempts any claim of privilege.  The defendants assert that although Ms. Gentile was working toward a higher rank, her rank was sufficient for her to audit Thomas Brennan and that the privilege was not destroyed by the fact that the auditing occurred during Ms. Gentile's training.  Also, the plaintiff asserts that each session occurred in a "classroom" convened for training.  Uncertainty also attends the number and character of other persons, if any, who participated in the "classroom" setting and whose participation may waive any privilege otherwise available.  In all events, the plaintiff claims that Thomas Brennan received specific and unprivileged instruction from Scientology on the treatment of Kyle Brennan.

Conflicting assertions of predicate fact and applicable law (including, among others, whether Scientology is a "church" and whether Denise Gentile or another is a "member of the clergy" within the meaning of Section 90.505) cloud the issue of the priest-penitent privilege in this instance and commend an *in camera* review to determine, as a threshold matter, whether the disputed documents are, first, relevant and, second, if so, whether the documents contain matter subject to a privilege, for example, under Section 90.505(b), which extends a privilege to:

> A communication between a member of the clergy and a person is "confidential" if made privately for the purpose of seeking spiritual counsel and advice from the member of the clergy in the usual course of his or her practice or discipline and not intended for further disclosure except to other persons present in furtherance of the communication.

A preliminary, *in camera* review may avoid the necessity for expensive, time-consuming, and difficult resolution of contested issues of fact and law.

## **CONCLUSION**

On **September 3, 2010**, at 10:30 a.m. in Courtroom 15A of the United States Courthouse, 801 N. Florida, Avenue, Tampa, Florida, Scientology shall produce for *in camera* review each document included in the "privilege log" and dated between February 6, 2007, and February 16, 2007, inclusive. Counsel for the parties are directed to appear for another status conference at the same time and place.

The plaintiff's motion (Doc. 102) for leave to file a reply to the defendants' responses to the motion is **DENIED**, and the reply (Doc. 101) is **STRICKEN**.

ORDERED in Tampa, Florida, on August 31, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE