UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF KYLE THOMAS BRENNAN,
by and through its Administrator,
Victoria L. Britton,

    Plaintiff,

vs.                                              Case No. 8:09-cv-00264-T-23-EAS

CHURCH OF SCIENTOLOGY
FLAG SERVICE ORGANIZATION, INC.,
DENISE MISCAVIGE GENTILE,
GERALD GENTILE, and
THOMAS BRENNAN,

    Defendants.
_____/

**PLAINTIFF'S SECOND EMERGENCY MOTION FOR PERMANENT INJUNCTION
AND MOTION FOR SANCTIONS**

Pursuant to 28 U.S.C. §1651(a) and 28 U.S.C. §1927, and the inherent power of this court, Plaintiff files her Second Emergency Motion for Permanent Injunction and a Motion for Sanctions against Defendant, CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC., its counsel, F. Wallace Pope, Jr., Robert Potter, and Johnson, Pope, Bokor, Ruppel & Burns, LLP, Post Office Box 1368 Clearwater, Florida, for their bad faith and wilfully and contumaciously disregarding this court's order (Doc.108). FLAG and its counsel have obtained a ruling which now conflicts with this court's findings in its order of August 30, 2010.

In direct disregard of the August 30, 2010 Order, Flag's counsel proceeded to advocate the prosecution of contempt of court against Plaintiff's counsel in the state court. The state court judge did not heed the warning stated in this court's Order wherein this

court expected the state court judge not to interfere with these federal proceedings without the necessity of the entry of an injunction by this court. Undaunted, the state court also disregarded the Order.

Pope and Potter advanced to the state court on August 31, 2010, the same failed argument they raised in this court (Doc. 105), i.e., that this court is barred from interfering in the state action, even though they had this court's order in hand warning of "unlawful interference:"

> "The state court can neither command Dandar's withdrawal from this action nor otherwise interfere with the supervening federal jurisdiction. Because no unlawful interference has occurred (and remains unlikely given the nature of the governing law and the provisions of Rule 4-5.6(b), Rules Regulating The Florida Bar, which have drawn little comment)...

Pope, Potter, and their client, Defendant, CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC. are currently acting in bad faith in defiance of this court by:

- ! ignoring this court's order denying withdrawal;
- ! ignoring the doctrine of comity;
- ! ignoring this court's inherent power to protect the orderly administration of justice and to preserve its dignity; and, without question;
- ! ignoring this court's superiority under the Supremacy Clause of the U.S. Constitution;
- ! intentionally interfering with Plaintiff's counsel's representation of his client;
- ! advocating for criminal sanctions against Plaintiff's counsel to achieve an advantage in this civil matter contrary to Rule 4-3.4(g), R. Reg. Fla. Bar.
- ! advocating that Plaintiff's counsel should be held in contempt for his candor

>    toward this court in his motion to withdraw, thus advocating for the violation of Rule 4-3.3(a), R. Reg. Fla. Bar.

A permanent injunction and sanctions are warranted.

Due to this court not granting the first request for injunction, the hearing was held on August 31, 2010, RESULTING IN MORE AND IMMEDIATE SEVERE SANCTIONS EFFECTING PLAINTIFF'S COUNSEL'S ABILITY TO FUNCTION IN ANY MANNER WHATSOEVER. A "Money Judgment" for immediate execution has been prepared by Pope who will then have it delivered to Judge Beach tomorrow. The ultimate hearing for additional severe sanctions is now set for hearing on October 1, 2010.

The state court proceedings are due to Dandar obeying this court's order denying the motion to withdraw. (Doc. 77). The actions by the state court as advocated by Flag and its counsel are directly interfering with Dandar's ability to prepare for this case, and zealously and competently represent the Plaintiff in this action and abide by this court's orders. Plaintiff therefore seeks a permanent injunction to the state court, Flag, and its counsel, including monetary and default sanctions against the Defendant and its counsel, which are all appropriate since unlawful interference has occurred and continues to occur by the state court as a direct demand by Defendant, CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC. and its counsel.

If this court is inclined to protect its "supervening federal jurisdiction," now is the time to do so. Dandar has always attempted to comply with this court's orders and the state court's orders, which are in conflict. The Ethics Rules as well as this court's supervening jurisdiction, are being ignored by Flag and its counsel, and as a result of their persistent tactics, the state court is doing their bidding.

Since Defendant, CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC., and its counsel are all under the jurisdiction of this court, and since their actions in state court are **designed to achieve dismissal of this action** rather than Plaintiff finding substitute counsel, severe sanctions are appropriate, in addition to a permanent injunction.

### MEMORANDUM OF LAW

> Because Dandar's withdrawal requires federal court approval, a state court injunction or other order against Dandar cannot compel his withdrawal. A court should not enter an injunction or order that cannot be enforced through coercive contempt sanctions. *Chandler v. James*, 180 F.3d 1254, 1266 (11th Cir. 1999) (J. Tjoflat, concurring). Moreover, an individual should not be punished for non-compliance if compliance is not within the individual's ability. *Chairs v. Burgess*, 143 F.3d. 1432, 1438 (11th Cir. 1998) (finding no contempt when litigant was under conflicting court orders and compliance would cause violation of other court orders).

(Doc. 108).

The above order of this court was in the hands of Flag and its counsel before the beginning of the state hearing on August 31, 2010. Flag and its counsel chose to ignore the import of this order and convinced the state judge to do the same. Therefore, since the state court judge, Robert Beach, of the Sixth Judicial Circuit, in and for Pinellas County, Florida, at the insistence of Flag, Pope, and Potter, has issued a severe sanction which interferes with counsel's ability to comply with this court's order now, an immediate injunction is warranted.

> It also is well-established that federal courts possess the inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal through the implementation of disciplinary sanctions for misconduct without resort to the powers of civil or criminal contempt. *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir.1985) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980)); see also *Flaksa v. Little River Construction Co.*, 389 F.2d 885, 888 (5th Cir.1968) (noting that [t]he inherent power of a court to manage its affairs necessarily includes the authority to impose reasonable

and appropriate sanctions upon errant lawyers practicing before it); see generally *Ex parte Robinson*, 86 U.S. (19 Wall.) 505, 512, 22 L.Ed. 205 (1873). Such sanctions may include anything from the assessment of attorneys' fees and costs to the disqualification of counsel to monetary penalties and alike. *See Kleiner*, 951 F.2d at 1209, *Flaksa*, 389 F.2d at 887. BellSouth's attorneys point to this Court's discussion of the inherent power to sanction in Lee to argue that sanctions are not warranted here. *See Lee v. American Eagle Airlines, Inc.*, 93 F.Supp.2d 1322, 1331 (S.D.Fla.2000) (stating that [a] finding that counsels' conduct constituted or was tantamount to bad faith must precede any sanction levied pursuant to a court's inherent powers.... Before imposing a severe sanction based on principles of deterrence, a district court must consider whether a lesser sanction is more proportionate to the misconduct).

*Adams v. BellSouth Telecommuncations, Inc,.* 2001 WL 34032759, 10, fn. 26 (S.D.Fla).

As the finding of bad faith properly unlocked the court's inherent powers, we turn to the question of whether the court violated Gerst's due process rights or abused its discretion in fashioning this particular sanction. The "[d]ismissal of a party's complaint or answer, or striking its defenses, as a sanction ... is a heavy punishment," appropriate "only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *In re Sunshine Jr. Stores*, 456 F.3d at 1305-06. "However severe the sanctions though, we will not interfere unless important historical findings are clearly erroneous or-by the imposition of sanctions which are not just-there has been an abuse of discretion." *Id.* at 1306 (quoting *Jaffe v. Grant*, 793 F.2d 1182, 1189 (11th Cir.1986)).

*Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.* 561 F.3d 1298 (11th Cir. 2009).

See also, *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir.1987), (defendant's pattern of delay and refusal to obey court orders, as well as the need to deter others from flouting orders results in striking of pleadings and default).

Plaintiff and its counsel are not seeking to have this court act as an appellate court of a state court, which is the frivolous argument previously advanced by Flag and Pope, and rejected by this court. The grounds for permanent injunction are the same as those found and supported in the opinions of the 11th Circuit Court of Appeal cited in this court's above order. Article VI, Clause II, of the United States Constitution permits the Federal

Court to regulate the practice of law and control admission to its Bar regardless of State Court action.  *Surrick v. Killion*, 449 F.3d 520 (3d Cir. Penn. 2006).  See also, *In re Marcone*, 2009 W.L. 1258489, 4 (E.D. Pa. 2009).

This Court has inherent power to manage its affairs and that power is broad enough to reach conduct which is intended to influence the course of litigation before it, *Sanders v. Russell*, 401 F.2d 241, 246 (5th Cir. 1968), such as Pope's, Potter's, and FLAG'S actions to remove Plaintiff's counsel in this action.  28 U.S.C. §1651(a) provides that the All Writs Act established by Congress permits Federal Courts to issue all writs necessary or appropriate in aid of the respective jurisdictions.  28 U.S.C. §1651(a); Rule 83, Federal Rules of Civil Procedure;  *In re: Snyder*, 472 U.S. 634, 643 (1985); *In the matter of Abrams*, 521 F.2d 1094, 1099 (1st Cir. 1975); *In re Mitchell*, 901 F.2d 1179, 1183 (3d Cir.1990); and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

Further, the following cases support the action requested:

1. *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), federal injunctive relief against a state court proceeding can in some circumstances be essential to prevent great, immediate, and irreparable loss of a person's constitutional rights. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714; cf. *Truax v. Raich*, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131; *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22.

2. *Doe v. Ceci*, 517 F.2d 1203 (7th Cir. 1975), the court affirmed an injunction prohibiting enforcement of a state court injunction in order to effectuate compliance with a decree of the federal court in accordance with its terms.

3. *Coffey v. Braddy*, 372 F.Supp. 116 (M.D. Fla.1971), which concerned a federal

court order regarding hiring practices in local fire department, an attorney was enjoined from pursuing sanctions for failure to comply with subsequently entered state court injunction.

4. *Concerned Consumers League v. O'Neill*, 371 F.Supp. 644 (E.D.Wis.1974), a federal injunction in a consumer picketing controversy was issued directly against the state court judge although state court action was first in time.

5. *Montgomery County Board of Education v. Shelton*, 327 F.Supp. 811 (N.D.Miss.1971), the court enjoined a state court decree on the basis that "the effect of the state injunction will be to undermine and interfere with the prior orders of this court." Id., at 815.

6. *U.S. v. State of Texas*, 356 F.Supp. 469, 471-72 (D.C. Tex. 1972), permanently enjoining the state court from further proceedings and declaring the state court injunction void- that federal anti-injunction act did not prevent federal district court from enjoining state court proceedings where state court proceedings resulted in issuance of an order restraining a school board from carrying out a school desegregation order entered by federal district court.

The Defendant is causing great, immediate and irreparable harm and infringement on Plaintiff's constitutional right in her choice of counsel.  *Mitchum*.  The state order must be enjoined in order to effectuate Plaintiff's counsel's compliance with this court's order.  *Doe*.  Defendant and its counsel must be enjoined from pursuing sanctions against Plaintiff's counsel for failing to comply with the state court order.  *Coffey*.  The injunction must also be directed to the state court judge.  *Concerned Consumers League*.  The state court orders which undermine and interfere with the orders of this court should be enjoined.

*Montgomery County Board of Education.*

WHEREFORE, the Plaintiff and her counsel request that this court enter an immediate injunction, declare the state order void and improper, and impose sanctions against Flag and its counsel as deemed appropriate, including striking of pleadings or default, and other relief as the court may deem just in the premises.

I HEREBY CERTIFY that per local Rule 3.01, on September 1, 2010, I had phone contact with Robert Potter on behalf of Flag and he opposes this motion.

I HEREBY CERTIFY that on September 2, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: LEE FUGATE, ESQ. Attorney for the Defendants, Denise Miscavige Gentile and Gerald Gentile; F. WALLACE POPE, ESQ. and ROBERT POTTER, Attorneys for Church of Scientology Flag Service Organization, Inc.; and RICHARD ALVAREZ, ESQ.,1509 West Swann Avenue, Suite 240, Tampa, Florida 33606, Attorney for Thomas Brennan.

**/s/ KENNAN G. DANDAR**
KENNAN G. DANDAR, ESQ.
Florida Bar No. 289698
DANDAR & DANDAR, P.A.
5509 West Gray Street, Suite 201
Post Office Box 24597
Tampa, Florida 33623-4597
813-289-3858/Fax: 813-287-0895
Attorney for Plaintiff