UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF KYLE THOMAS BRENNAN
by and through its Administrator,
Victoria L. Britton,

    Plaintiff,

v.                                          CASE NO.:   8:09-cv-264-T-23EAJ

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.,
DENISE MISCAVIGE GENTILE,
GERALD GENTILE, and
THOMAS BRENNAN,

    Defendants.
_____/

**ORDER**

On October 7, 2010, Judge Robert E. Beach, a senior circuit court judge of the Circuit Court for Pinellas County, Florida, moved (Doc. 165) "for an order dissolving the permanent injunction [Doc. 152] entered on September 28, 2010 against him . . . ." Promptly, on Friday, October 8, 2010, a hearing on Judge Beach's motion was scheduled for Tuesday (Monday was Columbus Day), October 12, 2010, at 1:30 p.m. Neither the Brennan Estate nor Scientology nor any other defendant responds to Judge Beach's motion. At the scheduled hearing, Raleigh W. Greene, III, argued for Judge Beach, and Kennan Dandar argued for the plaintiff (and himself).[*]

---

[*] This order adopts the nomenclature of the September 28, 2010, injunction and assumes and adopts the lengthy statement of facts that explain the need for the injunction.

Judge Beach argues that issuance of an injunction, except for a temporary restraining order, requires notice of the injunction and that, because Judge Beach claims to have received no notice, the injunction is improper and warrants dissolution. An insurmountable problem plagues this theory.

As he notes, Judge Beach is not a party to the instant case.  Therefore, Judge Beach is not entitled to the same "notice" as a party.  Stated simply, the applicable rules require filing, service, and notice to the parties of any motion, including a motion for an injunction.  Rule 65, Federal Rules of Civil Procedure, presupposes that, excepting a temporary restraining order, notice to each party precedes the issuance of an injunction.

However, Judge Beach is not a "party," and the injunction reaches him only as a person acting "in active concert or participation" with Scientology, which – along with its attorneys – is directly enjoined.  As stated in Clearone Communications, Inc., v. Chiang, 2009 WL 2883010 (D. Utah 2009):

> Non-parties who reside outside the territorial jurisdiction of a district court are subject to that court's jurisdiction if, with actual notice of the court's order, they directly violate an order or actively aid and abet a party in violating the court's order.  This is so despite the absence of other contacts with the forum.  See Fed.R.Civ.P. 65(d)(2)(c) (injunctive order binds "persons who are in active concert or participation" with the parties and "who receive actual notice" of order); Reliance Ins. Co. v. Mast Constr. Co., 159 F.3d 1311, 1317 (10th Cir. 1998) (recognizing that non-party may be subject to court's jurisdiction under Fed.R.Civ.P. 65(d) in contempt proceedings); SEC v. Homa, 514 F.3d 661, 673 (7th Cir. 2008); Waffenschmidt v. MacKay, 763 F.2d 711, 714 (5th Cir. 1985).

Judge Beach acts "in active concert or participation" with Scientology in the sense that his is the authority to which Scientology necessarily repairs in punishing Dandar for continuing Dandar's representation of the Brennan Estate after the district court denied

Dandar's motion to withdraw.  At the behest of Scientology and in furtherance of the aim of Scientology, that is, to punish Dandar under an alleged practice restriction agreement between Scientology and Dandar, Judge Beach purports to assess "liquidated damages" of $50,000 and a fine of $1000 per day against Dandar for Dandar's compliance with the order of the district court declining to permit his withdrawal.  Precisely this $50,000 levy, precisely this daily fine of $1000, precisely the impending money judgment (issued already but for the injunction that Judge Beach now attacks), precisely the threatened and accelerated execution and levy, and precisely the pre-judgment discovery-in-aid-of-execution comprise the singular and forceful instrument by which, acting in palpable concert with Scientology, Judge Beach purports to reach coercively into another jurisdiction, the federal jurisdiction, from the state jurisdiction.

By this concerted action, Scientology and Judge Beach undertake (1) to acutely punish a member of the bar of the Middle District of Florida for compliance with an order of the district judge, (2) to coerce the conscience of the district court by inflicting inordinate punishment on Dandar in consequence of the district court's order, and (3) to coerce the district court to submit to a state court the control of a case on the federal docket.  Enforcing a purported practice restriction agreement, levying $50,000 in "liquidated damages," fining $1000 a day, entering a money judgment for the whole amount, accelerating execution and levy, and authorizing pre-judgment discovery in aid of execution – all at the behest of Scientology and all in furtherance of Scientology's federal court litigation objective – constitutes an unmistakable episode of Judge Beach's acting "in active concert or participation with" Scientology for the purpose of Rule

- 3 -

65(d)(2)(C).  Without Judge Beach's acting, Scientology cannot effect the punitive sanction that the injunction addresses and cannot achieve the intended effect of a dismissal of the Brennan Estate's claim in the district court.

The phrase "in active concert or participation" in no respect implies any conspiratorial, devious, or insidious intent or design by Judge Beach.  The phrase "in active concert or participation" stands in Rule 65 in the ordinary and usual sense and means a purposeful acting of two or more persons together or toward the same end, a purposeful acting of one in accord with the ends of the other, or the purposeful act or omission of one in a manner or by a means that furthers or advances the other.  As Judge Mahoney stated in New York State National Organization for Women v. Terry, 961 F. 2d 390, 397 (2nd Cir. 1992), *cert. granted, vacated, and remanded on other grounds*, 506 U.S. 901 (1993):

> Respondents-appellants further contend that they were not "in active concert or participation" with defendants, as required by Rule 65(d), because their actions "were independently motivated" by their "political, social and moral positions on the subject of . . . abortion."  We have no reason to doubt this representation, but it is unavailing as an escape hatch from Rule 65(d).  The rule is directed to the actuality of concert or participation, without regard to the motives that prompt the concert or participation.

Judge Beach concedes the incontestable principle that "the court can enjoin a non-party who is in active concert or participation with the party" but denies his status as someone acting "in concert or participation" with Scientology.  Judge Beach's claimed status as a person not "in active concert or participation" with Scientology in this particular instance, as explained earlier in this order and elaborated at great length in the injunction, is neither legally nor factually plausible.  Most charitably construed,

Judge Beach's argument perhaps arises from a concern that Rule 65(d)(2)(C)'s "in active concert or participation" requirement obliquely suggests a partisan act or an act lacking judicial impartiality and, therefore, an act unbecoming and untoward if committed by a judicial officer.  As already explained, Rule 65(d)(2)(C) includes no suggestion of conjoined or other improper motive or the like between Scientology and Judge Beach; neither does the injunction in the instant case suggest one.

In sum, Judge Beach is not a party and is not enjoined as a party.  Were Judge Beach a party, he would have received notice and opportunity for a hearing at the outset.  However, Judge Beach falls comfortably within the definition of a person "in active concert or participation" with the enjoined party and a person whom the injunction therefore "binds" upon "actual notice [of the injunction] by personal service or otherwise."

Judge Beach's motion arguably raises other issues, including the availability of the All Writs Act to achieve the purpose stated in the injunction.  These arguments are either meritless or resolved here or elsewhere.  However, I join Judge Beach in concluding that the injunction, which regards only levies, fines, and the like against Dandar, leaves Judge Beach free to recuse himself in the McPherson action.  In ordinary terms, the injunction is a million miles from enjoining His Honor's reported recusal.  Finally, the form of the injunction's "Conclusion," beginning on page twenty-eight of the injunction, might have contributed to Judge Beach's uneasiness.

Accordingly, although Judge Beach's motion to dissolve the injunction (Doc. 165) is **DENIED**, the motion is construed in part as a motion for clarification or modification

and **GRANTED IN PART** to the extent that a re-stated injunction will issue simultaneous to this order and will re-state the "Conclusion" on page twenty-eight of the present injunction to clarify that Judge Beach or his successor judge is enjoined only as a person "in active concert or participation" with Scientology and its lawyers.

ORDERED in Tampa, Florida, on October 12, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE