UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF KYLE THOMAS BRENNAN,
By and through its Administrator,
Victoria L. Britton,

    Plaintiff,

v.                                                           Case No. 8:09-cv-264-T-23EAJ

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.,
DENISE MISCAVIGE GENTILE,
GERALD GENTILE, and
THOMAS BRENNAN

    Defendants.
_____/

## DEFENDANT CHURCH'S MOTION FOR STAY OF PROCEEDINGS IN TRIAL COURT OR, ALTERNATIVELY, FOR CONTINUANCE OF TRIAL DATE

Defendant, CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC. (Church) by its undersigned counsel, moves the Court for the entry of an order staying the proceedings in the above-styled action pending an appeal of this Court's permanent injunction entered September 28, 2010, or, alternatively, pursuant to Middle District Rule 3.09, moves the Court for a continuance of the trial date pending resolution of the appeal of this Court's permanent injunction, and in support of this motion submits the following memorandum.

Defendant's undersigned counsel has conferred with plaintiff's counsel, Kennan Dandar, and is authorized to represent to the Court that Mr. Dandar opposes the relief sought in this motion.

**MEMORANDUM**

On September 28, 2010, this Court entered its permanent injunction enjoining the defendant Church, its counsel, Circuit Judge Robert Beach and any other circuit judge assigned to the McPherson case in the Sixth Judicial Circuit from proceeding against Mr. Dandar in pending state-court settlement agreement enforcement actions. Defendant intends to file a notice of appeal of this order shortly after the filing of this motion.

This Court's order prohibits defendant, Judge Beach and an entire judicial circuit of the State of Florida from conducting enforcement proceedings against Mr. Dandar to enforce the Church's bargained and paid-for State of Florida contractual right not to ever be sued by Mr. Dandar again. The validity and enforceability of the contractual right has been thoroughly litigated in state court and was affirmed in all respects by the Second District Court of Appeal on November 13, 2009. This court's permanent injunction has nullified defendants' contractual right against Mr. Dandar, and has enjoined a circuit judge and, indeed, any other circuit court judge who might be assigned to the case, from ever again attempting to enforce these defendant's state-created contract rights against Mr. Dandar.

More importantly, the Court's order diminishes the power and efficacy of the Sixth Judicial Circuit of Florida to enforce its orders. Here, Judge Beach found the agreement enforceable and ordered Mr. Dandar to cease representations in any proceedings against the defendant Church. Judge Beach did not start with an order requiring Mr. Dandar to withdraw from this case within

2

30 days.  Instead, Judge Beach's initial order of June 10, 2009, applied the terms of the settlement agreement and ordered Mr. Dandar's general compliance.  That order was affirmed on appeal.  Only after Mr. Dandar disregarded that order for months did Judge Beach enter the April 12, 2010, contempt order with the monetary sanctions and the direction to withdraw.  The contempt order sought to enforce compliance with the Court's prior order.  An appeal from the April 12 order is pending before the Second District.

To obtain a stay in this Court pending appeal, the movant must show:

1. A likelihood of success on the merits;

2. Irreparable harm absent a stay;

3. Lesser or no harm to plaintiff from a stay; and

4. That a stay serves the public interest, if the public interest is implicated.  *Fortune v. Molpus*, 431 F.2d 799 (5th Cir. 1970); *Pitcher v. Laird*, 415 F.2d 743 (5th Cir. 1969)

**I.      The Likelihood of Success on the Merits.**

This Court's order violates the Anti-Injunction Act and the Younger Abstention Doctrine by purporting to take away from the State of Florida Circuit and Appellate Courts their right to enforce lawful orders of the Circuit Court that have become law of the case and state-created contractual rights by contempt, by money judgment, by civil fine, or by any other appropriate method.  Judge Beach did not begin proceedings of Mr. Dandar by ordering a withdrawal within 30 days from the Brennan case.  Instead, his order of June 10, 2009, applied the terms of the settlement agreement and ordered general compliance.  It was only

3

after this order was affirmed on appeal, and after Mr. Dandar disregarded the order for at least nine months, that Judge Beach entered the contempt order with the monetary sanctions and the direction to withdraw, which was an order seeking to enforce the Court's earlier order entered June 10, 2009.

## II.     Irreparable Harm Absent a Stay.

The Church bargained for and paid Mr. Dandar for a state law contractual right to never be sued by Mr. Dandar again.  This Court has nullified that right and prohibited the state courts from enforcing it.  If the defendant is forced to litigate against Mr. Dandar in the above-styled action by going to trial in November, 2010, as now scheduled, the harm will be irreparable because the defendant cannot be put back into the position it occupied before trial.

## III.    Lesser or No Harm to Plaintiff.

This action is a wrongful death action for damages.  There is no emergency.  No harm will come to plaintiff if it is required to wait until the resolution of the appeal before it proceeds to trial.

## IV.    The Stay Serves the Public Interest.

This Court's permanent injunction is an unprecedented intrusion into the Pinellas County Circuit Court's ability to decide the validity of and to enforce state-created contractual rights and then to enforce its own orders.  The relationship between federal courts and state courts lies at the heart of our concept of federalism, and this matter therefore directly goes to the division of power between federal and state courts in our system of government.

## ALTERNATIVE MOTION FOR CONTINUANCE

It is the defendant's intention to ask the Eleventh Circuit to expedite the appeal to minimize any delay in this action.  If this Court denies this motion for stay, defendant respectfully and alternatively asks the Court to continue the trial date briefly to avoid putting an undue burden on the Eleventh Circuit that would result from the need for an emergency motion for stay in that Court.

## CONCLUSION

For the foregoing reasons, defendant respectfully moves the Court for a stay of further proceedings in this Court pending resolution of defendant's appeal, or, alternatively, entering an order briefly continuing the trial date pending resolution of the appeal.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 25, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  LEE FUGATE, ESQ., lfugate@zukerman.com, attorney for defendants, Denise Gentile and Gerald Gentile; KENNAN G. DANDAR, ESQ., kgd@dandarlaw.net, attorney for plaintiff;

6

and Kyle Thomas Brennan, RICHARD C. ALVAREZ, ESQ., Rick Alvarez ralvarez@alvarezgarcia.com attorney for Thomas Brennan.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ F. Wallace Pope, Jr.
F. Wallace Pope, Jr.
Florida Bar No. 0124449
wallyp@jpfirm.com
Robert V. Potter
Florida Bar No. 0363006
bobp@jpfirm.com
Post Office Box 1368
Clearwater, Florida 33757
Telephone:(727) 461-1818
Fax: 727 462-0365
Counsel for Church of
Scientology Flag Service
Organization Inc.

540289