UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF KYLE THOMAS
BRENNAN,

    Plaintiff,

v.                                              CASE NO. 8:09-cv-264-T-23EAJ

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.;
DENISE GENTILE; GERALD
GENTILE; and THOMAS BRENNAN,

    Defendants.
_____/

**ORDER**

After a favorable summary judgment (Doc. 229), the Church of Scientology Flag Organization submits (Doc. 231) a "renewed motion for Rule 11 sanctions" against the plaintiff's withdrawn counsel. Scientology purports to "renew" a June, 2009, motion for sanctions (Doc. 30) submitted soon after the denial (Doc. 28) of Scientology's motion to dismiss. The June, 2009, motion for sanctions urged the plaintiff to "withdraw or amend the complaint" (Doc. 30 at 20), but an order (Doc. 42) denied the motion. Scientology argues that "the history of this case now demonstrates that the original motion for [] sanctions had [] merit." (Doc. 231 at 2)

Rule 11(c)(2), Federal Rules of Civil Procedure, requires a party to serve a motion for sanctions on the opposing party at least twenty-one days before submitting the motion to the court. This "safe harbor" allows the opposing party an opportunity to withdraw or correct the allegedly sanctionable claim or argument without penalty because Rule 11(c)(2) bars a motion for sanctions based on a claim or argument withdrawn or corrected during the twenty-one days. Scientology has not afforded the plaintiff a "safe harbor" by service of the "renewed" motion for sanctions twenty-one days before filing.

A party cannot move for sanctions after a judgment unless the opposing party enjoys the twenty-one day safe harbor before the judgment:

> Service of a sanctions motion after the district court has [] entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides . . . . If the motion for sanctions is served after [] a final order has been issued, the motion will be rejected because the party who allegedly violated [Rule 11] no longer is able to withdraw the improper papers or otherwise rectify the alleged offense and thus has not been given the full protection mandated by [Rule 11's] safe harbor provision.

5A Wright & Miller, et al., *Federal Practice & Procedure* § 1337.2 (3d ed. 2011); *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004); *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) ("a party cannot wait until after summary judgment to move for sanctions under Rule 11"); *Advisory Committee's Note on 1993 Amendments to Fed.R.Civ.P. 11* ("Given the 'safe harbor' provisions . . , a party cannot delay serving

its Rule 11 motion until conclusion of the case"); 2 Moore, et al., *Moore's Federal Practice* § 11.22[1][c] (3d ed. 2011) ("A party must serve its Rule 11 motion before the court has ruled on the pleading, and thus before the conclusion of the case. Otherwise, the purpose of the 'safe harbor' provision would be nullified"); 61A Am. Jur. 2d *Pleading* § 581 ("the [Rule 11] motion must be served 21 or more days prior to final judgment"); Georgene M. Vairo, *Rule 11 Sanctions: Case Law, Perspectives and Preventive Measures*, 96-97 (3d ed. 2004) (calling the submission of a post-judgment Rule 11 motion "a fruitless exercise" because "the court must deny the [] motion for failure to comply with the Rule 11(c) procedure"); *see also Peer v. Lewis*, 606 F.3d 1306, 1313 (11th Cir. 2010); *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008).

A claim to "renew" the previous motion for sanctions does not excuse Scientology from providing the twenty-one day safe harbor. *In re New River Dry Dock, Inc.*, --- B.R. ----, 2011 WL 135530, *3 (Bankr. S.D. Fla. 2011) ("a movant cannot use compliance with a safe harbor in an earlier motion for sanctions to avoid separate compliance with a renewed motion"); *cf. Lawrence v. Richman Group*, 620 F.3d 153, 157-58 (2d Cir. 2010); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788-89 (9th Cir. 2001). The first motion for sanctions was not denied without prejudice to consideration later; the first motion for sanctions was denied for lack of merit. After the denial, the plaintiff was no longer on notice that failing to "withdraw or amend the complaint" might result in sanctions based on the first motion for sanctions.

Circumstances assured the plaintiff that Scientology's grounds for sanctions lacked merit unless and until a new Rule 11(c)(2) service occurred, which service needed to occur before the judgment – and also before the attorney that Scientology wishes to sanction withdrew from this action. *Peer*, 606 F.3d at 1315 ("when the attorney who violated Rule 11 withdraws from the case . . , a party cannot move for sanctions under Rule 11 because the offending attorney no longer has the authority to correct or withdraw the challenged pleading"). In sum, by submitting the "renewed" motion for sanctions after summary judgment and without previously serving the plaintiff, Scientology failed to provide the safe harbor that Rule 11(c)(2) requires. (For that matter, Scientology failed to certify, as Local Rule 3.01(g) requires, the occurrence of a conference with opposing counsel immediately before submitting the motion. *See Morroni v. Gunderson*, 169 F.R.D. 168, 172 (M.D. Fla. 1996).)

Even if Scientology satisfied the safe harbor requirement, the plaintiff's conduct fails to justify a sanction. The order granting summary judgment notes the pleading's flaws, and Scientology is at pains to repeat the order's critiques to the court. But, although the plaintiff's case was built predominantly on compound inference and speculation, the plaintiff's allegations, with one possible exception, were not so wholly and demonstrably baseless as to trigger Rule 11. *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1448 (11th Cir. 1998) ("Rule 11 is intended to deter claims with *no* factual or legal basis at all") (emphasis in original); *see, e.g.*, (Doc. 229 at 10). As to the possible exception, a paragraph in the amended

complaint that "at least approaches sanctionable recklessness in pleading" (Doc. 229 at 14 n.*), the order's disapproving characterization is "sanction" enough.

This litigation, along with simultaneous and associated litigation in the state courts (described in excruciating detail elsewhere in this record), is the sort of "scorched earth" litigation that impairs and adulterates the better judgment and professionalism of counsel, involves the courts in tangled and exhausting disputes tangential to the main dispute, and causes a marked decline in the public's confidence in the bench and the bar.  The parties and their counsel should direct themselves to the necessary matters at hand and reject the temptation toward further provocation and retaliation, pursued either in over-zealous excess or as a tawdry litigation tactic designed as a general deterrent.  Without reason to hope the parties and counsel will heed my advice but with knowledge that sanctions aplenty (and more) have attached elsewhere, I add nothing further to the sad folly of these parties' aggravated relations.

The motion (Doc. 231) is **DENIED**.

ORDERED in Tampa, Florida, on January 25, 2012.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE